# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMY GHARB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:  15-00328 (RC) |
| v. | : | |
| | : | Re Document Nos.:  4, 9, 11, 14 |
| MITSUBISHI ELECTRIC CORPORATION | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**GRANTING DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, REQUEST FOR ATTORNEY'S FEES, AND REQUEST FOR ANTI-SUIT INJUNCTION; DENYING AS MOOT PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PAYMENT OF DAMAGES**

## I. INTRODUCTION

Plaintiff Samy Gharb has filed a *pro se* complaint against Mitsubishi Electric Automation, Inc. (MEAU), Mitsubishi Electric Corporation (MELCO), and five individuals currently or formerly employed by MELCO in Japan.  Mr. Gharb alleges that Defendants infringed U.S. Patent No. 6,552,654 (the '654 patent), held by Mr. Gharb.  *See* Compl. 2–3, ECF No. 1.  This is the third instance in which Mr. Gharb has filed a complaint alleging that a Mitsubishi Electric entity infringed the '654 patent, and each of the two prior complaints alleging infringement by a Mitsubishi Electric entity were dismissed with prejudice at the pleading stage. *See Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10-7204, 2012 WL 1986435, at *7 (N.D. Ill. June 4, 2012) (*Gharb I*); *Gharb v. United States*, No. 12-0913, 112 Fed. Cl. 94, 98 (Fed. Cl. 2013) (*Gharb II*) (finding that the United States government did not infringe the '654 patent by entering into a contract with MELCO).  However, three years later, Mr. Gharb continues his

litigation campaign against Defendants by filing meritless pleadings in this Court, which accuse

Defendants and their counsel of "hiding trademarks."

Defendants MELCO and MEAU now move to dismiss Mr. Gharb's claims, and they

request an award of attorney's fees.  MELCO and MEAU also request an anti-suit injunction

against Mr. Gharb to prevent him from filing any future claims against them arising out of the

'654 patent.  Lastly, MELCO and MEAU move to strike Mr. Gharb's later filing, titled "Lawsuit

against Mr Joshua M Segal and Jenner & Block," which includes allegations against MELCO

and MEAU's counsel.

The Court finds that Mr. Gharb's claims are barred by *res judicata*, that Mr. Gharb fails

to state a claim upon which relief may be granted, and that the time period for enforcing the '654

patent has expired.  Accordingly, the Court dismisses Mr. Gharb's complaint, grants MELCO

and MEAU's motion to strike Mr. Gharb's "Lawsuit" against their counsel, grants MELCO and

MEAU's request for attorney's fees, and grants MELCO and MEAU's request for an anti-suit

injunction.

## II. FACTUAL BACKGROUND

Mr. Gharb is the inventor and owner of the '654 patent "Security System with a Mobile

Telephone."  *Gharb II*, 112 Fed. Cl. at 95; *see also* Complaint Exhibit 1, *Gharb II*, 112 Fed. Cl.

94 (No. 12-0913), ECF No. 1.[1]  Mr. Gharb filed an application for the '654 patent on May 25,

2000, and the United States Patent and Trademark Office issued the patent on April 22, 2003.

*See* Complaint Exhibit I, *Gharb II*, 112 Fed. Cl. 94 (No. 12-0913).  Mr. Gharb's patent expired

---

[1] The Court takes judicial notice of publicly filed documents in related litigation. *See Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citing *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)) ("The court may take judicial notice of public records from other court proceedings.").

on April 22, 2007, "due to Mr. Gharb's non-payment of the maintenance fees required under 37

C.F.R. § 1.362." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 532 F. Supp. 2d 25, 26 (D.D.C. 2008).

In his Complaint, Mr. Gharb appears to allege that Defendants have sold security systems with

mobile telephones under the model designation of "PLC ALPHA XL" that infringe the '654

patent. *See* Compl. 2, 11–12 (alleging that "[t]he team of Mitsubishi Electric has stolen my

invention US patent No. 6,552,654" and that "[the] Mitsubishi team sold PLC ALPHA XL

WITH GSM MOBILE PHONE WITHOUT ANY LEGAL PATENT RIGHT" (emphasis

omitted)).

       This is not the first instance in which Mr. Gharb has sued a Mitsubishi Electric entity

alleging that the ALPHA line of products, including the "PLC ALPHA XL," infringed the '654

patent.  In 2010, Mr. Gharb filed a complaint in the Northern District of Illinois claiming that

both MEAU and MELCO, among others, infringed the '654 patent.  *See* Complaint, *Gharb I*,

2012 WL 1986435 (N.D. Ill. 2012) (No. 10-7204), ECF No. 1.  Mr. Gharb subsequently

amended his complaint, focusing his claims solely on MEAU and withdrawing his claims against

the other defendants, including MELCO.  *See* First Amended Complaint at 2, *Gharb I*, 2012 WL

1986435 (N.D. Ill. 2012) (No. 10-7204), ECF No. 15.  MEAU moved to dismiss Mr. Gharb's

amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Gharb's

complaint failed to state a plausible claim for direct or indirect infringement as a matter of law.

*See* Motion to Dismiss, *Gharb I*, 2012 WL 1986435 (N.D. Ill. 2012) (No. 10-7204), ECF No. 23;

Memorandum in Support of Motion to Dismiss at 5–12, *Gharb I*, 2012 WL 1986435 (N.D. Ill.

2012) (No. 10-7204), ECF No. 24.  The court granted MEAU's motion and found that Mr.

Gharb's complaint failed to state a claim for direct or indirect infringement as a matter of law.

*See Gharb I*, 2012 WL 1986435, at *7.  Mr. Gharb's complaint was dismissed with prejudice. *See id.*

Approximately six months later, Mr. Gharb filed a complaint in the United States Court of Federal Claims, alleging that MELCO, MEAU, the United States, the U.S. Department of Commerce, the State of Japan, the Ministry of Commerce of Japan, and two individuals involved in *Gharb I* (Judge Edmond Chang, and MELCO's lead counsel, Terrence J. Traux) infringed the '654 patent.  *See* Complaint at 1, *Gharb II*, 112 Fed. Cl. 94 (No. 12-0913), ECF No. 1.  The United States moved to dismiss the complaint, and the court dismissed the case with prejudice. *See Gharb II*, 112 Fed. Cl. at 98.  The claims against the Mitsubishi defendants were dismissed because the Court of Federal Claims lacks jurisdiction over claims against private corporations. *See id.* at 96–97 ("The only proper defendant for any matter before this court is the United States . . . ." (alteration and internal quotation marks omitted) (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (Fed. Cl. 2003))).

Almost two years later, Mr. Gharb filed a new complaint in this Court in March 2015, alleging once again that MELCO, MEAU, and now five individuals formerly or currently employed with MELCO in Japan have infringed the '654 patent.  *See* Compl. 2–3.  Defendants MELCO and MEAU now move to dismiss the complaint on three grounds.  First, MELCO and MEAU argue that Mr. Gharb's claims are barred by the doctrine of *res judicata*.  *See* Mem. Supp. Defs.' Mot. Dismiss 7–9, ECF No. 5.  Second, MELCO and MEAU contend that the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See id.* at 6, 9–11.  Third, MELCO and MEAU explain that the '654 patent expired in 2007, and Mr. Gharb's time period for enforcing the '654 patent elapsed six years later on April 22, 2013.  *See id.* at 9. Finally, MELCO and MEAU also request that the Court award attorney's fees to MELCO and

enter an anti-suit injunction barring Mr. Gharb from suing MELCO in any court.  *See id*. at
12–13.

Mr. Gharb responds with the same claims he alleged in his original complaint.  *See* Pl.'s
Answer Defs. Mot. Dismiss 13, ECF No. 8.  Mr. Gharb has also filed two "Requests for payment
of damages" that assert no new claims.  *See* Pl.'s Request for Payment of Damages, ECF No. 9;
Pl.'s Second Request for Payment of Damages, ECF No. 11.  Lastly, Mr. Gharb has filed a
"Lawsuit against Mr Joshua M Segal and Jenner & Block" with the Court, appearing to seek to
add as defendants the law firm of Jenner & Block and Joshua Segal, MELCO's counsel in this
case.  *See* ECF No. 13.  Defendants have filed a motion to strike Mr. Gharb's filing as
"frivolous."  *See* Defs.' Mot. Strike, ECF No. 14; Mem. Supp. Defs.' Mot. Strike 1–2, ECF No.
15.

Because the Court agrees with Defendants' view of the case, the Court will dismiss Mr.
Gharb's complaint, grant MELCO and MEAU's motion to strike, grant MELCO and MEAU's
request for attorney's fees, and grant MELCO and MEAU's request for an anti-suit injunction.
The Court will deny as moot Mr. Gharb's requests for payment of damages.

## III.  MOTION TO DISMISS

### A.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain
statement of the claim" in order to give the defendant fair notice of the claim and the grounds
upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
(per curiam).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate
likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.
*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brewer v. District of Columbia*, 891 F. Supp.

2d 126, 130 (D.D.C. 2012).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations and footnote omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson,* 551 U.S. at 94 (internal quotation mark omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even *pro se* litigants "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'"  *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal quotation marks omitted) (quoting *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)).  Moreover, "[a] pro se complaint, like any

other, must present a claim upon which relief can be granted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam).

## B. *Res Judicata*

Mr. Gharb's claims against Defendant MEAU are barred by the doctrine of *res judicata*, which bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[2] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Under the doctrine of *res judicata*, a claim "will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). The Court addresses each requirement in turn.

First, Mr. Gharb's complaint against MEAU involves the same claims or cause of action as his amended complaint against MEAU in the Northern District of Illinois. *See* First Amended Complaint, *Gharb I*, 2012 WL 1986435 (N.D. Ill. 2012) (No. 10-7204), ECF No. 15. In assessing whether two cases share the same claims or cause of action, a court must determine "whether they share the 'same nucleus of facts,'" that is, "whether the facts are related in time, space, origin, or motivation." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (internal quotation mark omitted) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002), and *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir.

---

[2] Because the Court lacks facts on which to base a finding of privity between MELCO and MEAU, *see infra* note 3, the Court makes a *res judicata* determination for MEAU only. Mr. Gharb's claims against MELCO and the other defendants must nonetheless be dismissed for two independent reasons: Mr. Gharb's failure to state a claim upon which relief may be granted, and the expiration of Mr. Gharb's time period for enforcing his patent. *See infra* Parts III.C–D.

1983)).  In his Northern District of Illinois complaint, Mr. Gharb alleged that MEAU infringed the '654 patent.  *See* First Amended Complaint at ¶¶ 7–12, *Gharb I*, 2012 WL 1986435 (N.D. Ill. 2012) (No. 10-7204).  Here, Mr. Gharb's claims are substantially the same.  In both the *Gharb I* complaint and the complaint here, Mr. Gharb alleges that the Alpha line of products generally, and the "PLC ALPHA XL," a programmable logic controller used in home security systems, infringe the '654 patent.  *Compare* First Amended Complaint at ¶¶ 8–12, *Gharb I,* 2012 WL 1986435 (N.D. Ill. 2012) (No. 10-7204) (alleging that "Mitsubishi Automation willfully infringed the '654 patent" and naming "ALPHA Family security systems" in his allegations), *with* Compl. 2 ("The team of Mitsubishi Electric has stolen my invention US patent No, 6,552,654."), *and* Compl. 11–12 ("Mitsubishi team sold PLC ALPHA XL WITH GSM MOBILE PHONE WITHOUT ANY LEGAL PATENT RIGHT. THE FACT IS THEY HAVE INFRINGED MY US PATENT." (emphasis omitted)).  Mr. Gharb's complaint does not assert any new cause of action, nor does it identify any new products, methods, or services that allegedly infringe the '654 patent.  *See, e.g.*, Compl. 11–12, 20–21.  Therefore, because Mr. Gharb's complaint fails to assert a claim or cause of action that was not previously asserted in *Gharb I*, the two cases share the same "nucleus of facts," *Apotex*, 393 F.3d at 217 (quoting *Drake*, 291 F.3d at 66), and they thus involve the "same claims or cause of action."  *Smalls*, 471 F.3d at 192.

Second, for Mr. Gharb's claims against MEAU, this case involves the same parties as the ones in *Gharb I*.  In this case, Mr. Gharb has sued MEAU, MELCO,[3] and several of MELCO's

---

[3] MEAU and MELCO argue that, because "Mr. Gharb's Complaint does not meaningfully distinguish between MEAU and MELCO, the Court should find that MEAU and MELCO are in privity for purposes of *res judicata*."  Mem. Supp. Defs.' Mot. Dismiss 8.  It is true that "[r]es judicata precludes claims not only between identical parties, but also between

current and former employees.  *See* Compl. 1.  In *Gharb I*, Mr. Gharb likewise sued MEAU,

MELCO, and other affiliated defendants.  *See* Complaint, *Gharb I*, 2012 WL 1986435 (N.D. Ill.

2012) (No. 10-7204), ECF No. 1.  At the time of the *Gharb I* decision, however, MEAU was the

sole defendant.  *See Gharb I*, 2012 WL 1986435, at *1 (describing how Mr. Gharb's amended

complaint was filed against MEAU only).  Mr. Gharb's claims against MEAU here and his

claims against MEAU in *Gharb I* thus involve the "same parties" for *res judicata* purposes.

*Smalls*, 471 F.3d at 192.

　　　Third, because the complaint in *Gharb I* was dismissed on the ground that Mr. Gharb

could not sustain a claim for patent infringement for the '654 patent, the dismissal was a final,

valid judgment on the merits.  Another court's determination that the defendant has not infringed

the patent at issue is a final, valid judgment on the merits.  *See, e.g.*, *Unitronics (1989) (R"G)*

*Ltd. v. Gharb*, 85 F. Supp. 3d 118, 127 (D.D.C. 2015) (dismissing patent infringement claims

because the Federal Circuit already determined that the defendant had not infringed the patent);

*see also Thunder v. U.S. Parole Comm'n*, No. 14-1596, 2015 WL 5692876, at *3 (D.D.C. Sept.

---

those in privity with the parties."  *Kim v. Nat'l Certification Comm'n for Acupuncture &*
*Oriental Med.*, 888 F. Supp. 2d 78, 82 (D.D.C. 2012).  Under this rule, "[a] privy is one [who is]
so identified in interest with a party to the former litigation that he or she represents precisely the
same legal right in respect to the subject matter of the case."  *Id.* at 82 (internal quotation marks
omitted) (quoting *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989)).

　　　Nonetheless, under most circumstances, the Court will not accept facts from a
defendant's filings in a motion to dismiss at the pleading stage.  A narrow exception applies to
"documents upon which the plaintiff's complaint necessarily relies even if the document is
produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  *See*
*Angelex Ltd. v. United States*, No. 15-0056, 2015 WL 5011421, at *11 n.11 (D.D.C. Aug. 24,
2015) (internal quotation mark omitted) (quoting *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768
F. Supp. 2d 117, 119 (D.D.C. 2011)).  But this exception does not apply here.  Although
Defendants MELCO and MEAU claim in their motion to dismiss that MEAU is a wholly-owned
subsidiary of Mitsubishi Electric U.S. Holdings, Inc., which in turn is a wholly-owned subsidiary
of MELCO, they fail to provide the court with any judicially noticeable documents substantiating
the claim.  *See* Mem. Supp. Defs.' Mot. Dismiss 2.

28, 2015) (finding a pro se plaintiff's claims barred by prior district court rulings on the merits of those claims, even if the plaintiff raised a new legal theory, because the plaintiff raised no new facts).  Here, the District Court for the Northern District of Illinois in *Gharb I* held that MEAU neither directly nor indirectly infringed Mr. Gharb's patent, and so its dismissal of Mr. Gharb's complaint was a final, valid judgment on the merits.  *See Gharb I*, 2012 WL 1986435, at *2–7.

Finally, a United States district court is a court of competent jurisdiction for *res judicata* purposes.  *See Thunder*, 2015 WL 5692876, at *3 (finding a district court to be a court of competent jurisdiction for *res judicata* purposes).  Hence, the court in *Gharb I*—the District Court for the Northern District of Illinois—is a court of competent jurisdiction.  Therefore, all four elements of *res judicata* are satisfied and Mr. Gharb's claims against Defendant MEAU are barred by *res judicata*.[4]

## C.  Failure to State a Claim

In a suit for patent infringement, when a complaint, including one filed by a *pro se* plaintiff, fails to identify "any infringing product," the complaint should be dismissed.  *See Pieczenik v. Bayer Corp.*, 474 F. App'x 766, 770–71 (Fed. Cir. 2012) (affirming the dismissal of a *pro se* complaint).  Similarly, a complaint, including one filed by a *pro se* plaintiff, should be dismissed when the "infringement claims [are] facially implausible and provide[] . . . no basis on

---

[4] To the extent Mr. Gharb's claim is that MEAU concealed information that resulted in an erroneous outcome in *Gharb I*, his complaint in this Court is procedurally improper.  If Mr. Gharb is alleging that Defendants concealed information by "hiding trademarks," *see* Compl. 2 ("The team of Mitsubishi Electric had hidden this trademark . . . ."), his remedy is a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60 in the original Northern District of Illinois case, not a new case in this Court.  *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party . . . .").

which to reasonably infer [infringement]." *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009) (also affirming the dismissal of a *pro se* complaint).

Mr. Gharb's claims against Defendants MELCO, MEAU, and the five individual defendants do not pass these tests.[5]  Even construed liberally, the Complaint fails to state a recognizable claim for infringement of the '654 patent.  Although Mr. Gharb identifies one product, the "PLC ALPHA XL," in his Complaint, *see* Compl. 11–12, he fails to clearly describe how this product, or any other product, method, or service made, sold, or offered by Defendants in the United States infringes the '654 patent, *see, e.g.*, *id.* at 20 (merely alleging that "Mitsubishi Electric printed with publication about [Mr. Gharb's] invention" (emphasis omitted)).  And although Mr. Gharb makes legal conclusions couched as factual allegations with regard to infringement, *see, e.g.*, *id.* at 2 ("The team of Mitsubishi Electric has stolen my invention US patent No. 6,552,654."), these conclusions are insufficient to withstand a motion to dismiss because they fail to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007); *see also Everett v. United States Dep't of Justice*, No. 14-1694, 2015 WL 3776483, at *1 (D.D.C. June 18, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S.

---

[5] The Court recognizes that the five individual defendants, Ryo Tokunaga, Akira Fueusawa, Masato Oka, Yasukazu Koezuka, and Asak Ueno, have not been served with process in this case.  Although the individual defendants have not been served with process and a formal motion to dismiss has not been filed on behalf of the individual defendants, the Court may *sua sponte* dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) "where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (quoting *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990)).

Mr. Gharb's claims against the individual defendants are identical to his claims against MEAU and MELCO.  *See* Compl. 2, 4, 6, 11, 19, 20 (repeatedly referring to the "team of Mitsubishi Electric" in the aggregate when charging the defendants with patent infringement). Because Mr. Gharb's claims against MEAU and MELCO fail under Federal Rule of Civil Procedure 12(b)(6) for reasons discussed below, it is "patently obvious" that Mr. Gharb cannot possibly prevail on his claims against the individual defendants, and therefore *sua sponte* dismissal of the claims against the individual defendants is appropriate.

662 (2009), and *Twombly*, 550 U.S.) (holding that when a *pro se* complaint is filled with such

"mere conclusory allegations," it "cannot withstand a motion to dismiss").  Because Mr. Gharb's

complaint fails to "state a claim to relief that is plausible on its face," it does not satisfy the

pleading standards of Federal Rule of Civil Procedure 8(a)(2), and it fails to state a claim upon

which relief may be granted.  *Twombly*, 550 U.S. at 570.

### D.  Expiration of the Time Period for Enforcing the '654 Patent

Mr. Gharb also cannot assert a valid claim for infringement of the '654 patent because the

time period for enforcing the '654 patent expired in 2013.  "[N]o recovery shall be had for any

infringement committed more than six years prior to the filing of the complaint or counterclaim

for infringement in the action."  35 U.S.C. § 286.  A plaintiff "cannot recover for any infringing

activity" when the patent at issue "expired more than six years prior to the filing of the

[c]omplaint."  *Hemphill v. Johnson & Johnson*, 919 F. Supp. 2d 48, 50–51 (D.D.C. 2013).

Mr. Gharb's patent expired on April 22, 2007 "due to Mr. Gharb's non-payment of the

maintenance fees required under 37 C.F.R. § 1.362."  *Unitronics (1989) (R"G) Ltd. v. Gharb*,

532 F. Supp. 2d 25, 26 (D.D.C. 2008).  Because the '654 patent expired on April 22, 2007, the

six-year period in which Mr. Gharb could assert a valid claim for infringement and recover

monetary damages elapsed on April 22, 2013.  Therefore, Mr. Gharb's complaint in this case,

filed on March 2, 2015, is almost two years too late.  Mr. Gharb thus "cannot recover for any

infringing activity."  *Hemphill*, 919 F. Supp. 2d at 50.  Mr. Gharb's patent infringement claims

cannot succeed against MELCO, MEAU, or the five individual defendants, and the Court will

dismiss Mr. Gharb's complaint as to all defendants.

## IV.  MOTION TO STRIKE

The Court shall liberally construe Mr. Gharb's "Lawsuit against Mr Joshua M Segal and Jenner & Block," ECF No. 13, as an attempt to file either an amended complaint or a supplemental pleading.  It however fails to satisfy the requirements of Federal Rule of Procedure 15, which sets forth the standards for parties wishing to amend or supplement their pleadings.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading under Rule 12(b), (e) or (f).  *See* Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  If the Court were to construe Mr. Gharb's "Lawsuit" as an amended complaint, it would fail to satisfy either Rule 15(a) requirement.  His "Lawsuit" was filed more than five months after his original Complaint, and four months after Defendants filed their motion to dismiss under Rule 12(b)(6).  *Compare* "Lawsuit against Mr Joshua M Segal and Jenner & Block" 1 (received Aug. 21, 2015), *with* Compl. 1 (filed Mar. 6, 2015), *and* Defs.' Mot. Dismiss 2, ECF No. 4 (dated Apr. 13, 2015).  Therefore, Mr. Gharb failed to meet the twenty-one day deadline for amended pleadings as a matter of course under Rule 15(a)(1). Furthermore, Mr. Gharb did not obtain the written consent of Defendants' counsel before filing his "Lawsuit," nor did he seek leave of the Court to do so.  Mr. Gharb's "Lawsuit" is thus procedurally improper under Rule 15(a)(2) as well.  Construed as an attempt to file an amended complaint, Mr. Gharb's "Lawsuit" does not satisfy Rule 15(a)'s requirements.

Additionally, a party wishing to supplement its pleadings must obtain the Court's permission.  *See* Fed R. Civ. P. 15(d).  Here, Mr. Gharb has not attempted to obtain permission to supplement his pleadings, and the Court has not given him such permission.  Therefore,

regardless of whether or not the Court construes Mr. Gharb's "Lawsuit" as an amended or supplemental pleading, the "Lawsuit" is procedurally improper.

Even if Mr. Gharb had properly sought the Court's leave to amend or supplement his complaint with the allegations made in his "Lawsuit," leave would be denied because the amended or supplemental pleading would be futile.  Typically, leave to amend or supplement a complaint should be given freely "when justice so requires."  Fed R. Civ. P. 15(a)(2); *see also Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (explaining that motions to supplement "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action'" (quoting 6A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1504 (2d ed. 1990))).  In deciding whether to allow a party to amend a complaint, however, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "An amendment would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).  Likewise, "a court may deny a motion to file a supplemental complaint as futile 'if the proposed claim[s] would not survive a motion to dismiss.'"  *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015) (alteration in original) (quoting *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012)).

Mr. Gharb's "Lawsuit" largely replicates allegations made in his original complaint. Both filings allege that the opposing party "has hidden . . . trademark Application No, [sic] 75528263 . . . for Super micro PLC Programmable logic controller." "Lawsuit against Mr Joshua M Segal and Jenner & Block" 1; *accord* Compl. 2 (alleging that the "team of Mitsubishi Electric" had done the same). Both filings also declare that "Mitsubishi Electric printed with publication about [Mr. Gharb's] invention" and so "Mitsubishi Electric must pay for these huge damages caused." Compl. 20 (emphasis omitted); "Lawsuit against Mr Joshua M Segal and Jenner & Block" 7 (emphasis omitted). Because Mr. Gharb's "Lawsuit" "merely restates the same facts as the original complaint in different terms," granting Mr. Gharb leave to amend or supplement his complaint would not save the complaint from dismissal and would therefore be futile. *Robinson*, 211 F. Supp. at 114.

Where Mr. Gharb's "Lawsuit" makes new allegations, it asserts that "Federal Rule of Civil Procedure 12(b)(6) has nothing to do in this case." "Lawsuit against Mr Joshua M Segal and Jenner & Block" 1, 4. And the filing goes further: it adds that MEAU and MELCO's counsel is at fault because he "used rules, which have not[h]ing to do in this case." *Id.* at 4, 5. These statements are, of course, untrue. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts"—including Mr. Gharb's case here. Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 81 (listing exceptions inapplicable here). And, far from having "nothing to do in this case," Rule 12(b)(6) provides the procedure by which Mr. Gharb's complaint must be dismissed. *See supra* Part III. Mr. Gharb's allegations

about the Federal Rules thus "fail[] to state a legal theory," and they certainly "could not

withstand a motion to dismiss." *Robinson*, 211 F. Supp. at 114.[6]

In sum, allowing Mr. Gharb to amend or supplement his original complaint would be

futile. The Court will therefore grant MELCO and MEAU's motion to strike Mr. Gharb's

"Lawsuit."

## V.  ATTORNEY'S FEES

An award of attorney's fees is warranted based on Mr. Gharb's baseless and frivolous

litigation campaign against Defendants. Under section 285 of the Patent Act "[t]he court in

exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

The Supreme Court has held that

> an "exceptional" case is simply one that stands out from others
> with respect to the substantive strength of a party's litigating
> position (considering both the governing law and the facts of the
> case) or the unreasonable manner in which the case was litigated.
> District courts may determine whether a case is "exceptional" in
> the case-by-case exercise of their discretion, considering the
> totality of the circumstances . . . . "[T]here is no precise rule or
> formula for making these determinations," but instead equitable
> discretion should be exercised "in light of the considerations we
> have identified."

*Octane Fitness, LLC v. ICO Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (alterations in

original) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).[7] Factors that weigh in

---

[6] In addition, although the "Lawsuit" alleges that Mr. Segal has "hidden" from the Court a trademark with serial number 75528263, *see* "Lawsuit against Mr Joshua M Segal and Jenner & Block" 1, 4, 5, 7, this claim is not plausible given that "trademark No, 75528263" features prominently in Mr. Gharb's original complaint. *See* Compl. 1–3, 6–11, 20–21.

[7] The Court overturned the Federal Circuit's *Brooks Furniture* test for fee-shifting under section 285 of the Patent Act. The *Brooks Furniture* test permitted fee-shifting only when there was either (1) material and inappropriate litigation-related misconduct or (2) the lawsuit was

favor of finding an "exceptional" case include, but are not limited to, "frivolousness, motivation,

objective unreasonableness (both in the factual and legal components of the case) and the need in

particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756

n.6. Additionally, entitlement to fees must be established by only a preponderance of the

evidence. *See id.* at 1758.

Faced with similar conduct by Mr. Gharb against a different defendant, this Court has

already determined that Mr. Gharb's claims for infringement of the '654 patent are meritless, and

that attorney's fees are warranted to deter Mr. Gharb from filing future lawsuits arising out of the

'654 patent. *See Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 129–130 (D.D.C.

2015). Here, as in *Unitronics*, all of the *Octane* factors weigh strongly in favor of awarding

Defendants MELCO and MEAU attorney's fees under the Patent Act. *See id.* at 129–130. As

discussed above, the "substantive strength" of Mr. Gharb's claims against Defendants is

nonexistent because those claims have previously been decided against him. *See supra* Part

III.B. Mr. Gharb's most recent filings with the Court, which have included repeated requests for

"payment of damages" and a subsequent "Lawsuit" against Defendants' counsel, are frivolous

and objectively unreasonable. *See Unitronics*, 85 F. Supp. 3d at 129–130 (finding that Mr.

Gharb's similar claims against the defendant there were "frivolous and unreasonable" and

weighed in favor of awarding attorney's fees); *see also Intex Recreation Corp. v. Team

Worldwide Corp.*, 77 F. Supp. 3d 212, 217 (D.D.C. 2015) (finding that oner party's "flawed,

nonsensical, and baseless arguments" were "exceptionally meritless" and warranted awarding

attorney's fees under 35 U.S.C. § 285); *Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp.

---

brought in subjective bad faith and was objectively baseless. *See Octane*, 134 S. Ct. at 1752–53,
1756 (citing *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005)).

2d 41, 45–46 (D.D.C. 2005) (awarding attorney's fees under a similar provision of the Copyright

Act when the plaintiff's claim was collaterally estopped and thus were "objectively

unreasonable").

Therefore, "to advance considerations of compensation and deterrence," the Court finds

this case exceptional and will grant Defendants' request for attorney's fees. *Octane*, 134 S. Ct. at

1756 n.6 (internal quotation mark omitted) (quoting *Fogerty*, 510 U.S. at 534 n.19). Defendants

MELCO and MEAU shall file petitions for reasonable attorney fees and costs incurred as a result

of Mr. Gharb's lawsuit, accompanied by supporting documentation, and Mr. Gharb will be given

an opportunity to respond.

## VI.  ANTI-SUIT INJUNCTION

The Court takes judicial notice of an anti-suit injunction that has already been entered

against Mr. Gharb relating to the '654 patent.  In a previous lawsuit against Unitronics, Inc., the

Court enjoined Mr. Gharb "from filing new actions in the United States District Court for the

District of Columbia that arise out of or relate to the '654 Patent, unless he receives prior

permission from the Court." *See Unitronics*, 85 F. Supp. 3d at 132.[8]  To avoid any confusion, the

Court finds that, for reasons related to Mr. Gharb's conduct against the defendants here, an anti-

suit injunction barring Mr. Gharb from filing new actions arising out of or relating to the '654

patent against Defendants is warranted.

---

[8] Because the injunction order was entered *after* Mr. Gharb filed his claim against
Defendants here, Mr. Gharb's complaint against the defendants here cannot be summarily
dismissed under the preexisting anti-suit injunction. *See* Order at 2, *Unitronics (1989) (R"G)
Ltd. v. Gharb*, 85 F. Supp. 3d 118 (D.D.C. Mar. 27, 2015) (No. 06-0027), ECF No. 100; *cf.*
Compl. 1 (labeling the complaint with a March 6, 2015 filing date).

"[I]n fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to 'unduly impair[] [a litigant's] constitutional right of access to the courts.'" *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (alterations in original) (quoting *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981)).  However, if a litigious plaintiff "continues to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits, 'a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice.'" *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49–50 (D.D.C. 2013) (quoting *Urban*, 768 F.2d at 1500).

Before a court can enjoin a litigious plaintiff from submitting additional filings, (1) the plaintiff must be provided with "notice and an opportunity to be heard," or the chance to "oppose the entry of an order restricting him before it is entered"; (2) the court should create an adequate record for review, "[i]n keeping with the exigent nature of injunctions and the caution required in issuing injunctions"; and (3) a court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

Here, Mr. Gharb had notice that Defendants sought an order restricting his ability to file future claims.  In their motion to dismiss, Defendants explicitly requested such relief.  *See* Mem. Supp. Defs.' Mot. Dismiss 11–12.  Because Mr. Gharb had an opportunity to address Defendants' motion in briefing, Mr. Gharb had notice and an opportunity to be heard.  *See Smith v. Scalia*, No. 13-0298, 2014 WL 2167109, at *12 (D.D.C. May 26, 2014) ("[A]n opportunity to address an issue in briefing counts as notice and an opportunity to be heard.").  Thus, Defendants' motion "provided [Mr. Gharb] with ample notice that he may be enjoined from making future filings in this district," and Mr. Gharb "had the opportunity to be heard on the

19

matter of whether a prospective pre-filing injunction is appropriate because he was free to address the injunction issue in the context of his briefs in opposition." *Id.*

To create a record for review and make findings "as to any pattern constituting harassment" or frivolousness, courts should consider the number and content of the filings, the similarity of the filings to previous actions, and "whether the litigant is attempting to harass a particular adversary." *In re Powell*, 851 F.2d at 431.  As in the *Unitronics* case, the record here clearly demonstrates the frequency and focus of Mr. Gharb's litigious conduct.  Since 2012, when the Northern District of Illinois dismissed Mr. Gharb's complaint in *Gharb I*, Mr. Gharb has sought twice to relitigate his claims.  In his first attempt, Mr. Gharb filed a complaint in the United States Court of Federal Claims, alleging that MELCO, MEAU, and numerous other defendants infringed the '654 patent.  *See* Complaint at 1, *Gharb II*, 112 Fed. Cl. 94 (No. 12-0913), ECF No. 1.  Mr. Gharb's Complaint here is his second attempt to relitigate the same claims already dismissed by the Northern District of Illinois with prejudice.  The complaints in the three actions are overwhelmingly similar, as they all relate back to the initial 2012 judgment in the Northern District of Illinois.

Mr. Gharb's claims are also clearly designed to harass individuals related to the original case.  For instance, Mr. Gharb has attacked MELCO and MEAU's counsel, claiming that he has "hidden" trademarks.  *See* "Lawsuit against Mr Joshua M Segal and Jenner & Block" 1, 4–5, 7. This marks a continuation of Mr. Gharb's attempts to attack attorneys and judges associated with his litigation against Defendants.  In *Gharb II*, for example, Mr. Gharb named Judge Edmond Chang, the district court judge assigned to *Gharb I*, and Terrence J. Traux, MELCO's lead counsel in *Gharb I*, as defendants.  *See* Complaint at 1, *Gharb II*, 112 Fed. Cl. 94 (No. 12-0913).

Mr. Gharb's claims are frivolous and repetitive as well.  Mr. Gharb has already litigated his claim that Defendants infringed the '654 patent, and he now seeks to undermine the prior rulings in the Northern District of Illinois and the Court of Federal Claims.  Having determined that the complaint here and the pleadings in Mr. Gharb's previous lawsuits are substantially similar and "have the same goal," *see supra* Part III.B, the Court determines that there is an adequate basis in the record to restrict Mr. Gharb in his future filings against Defendants arising out of the '654 patent.  *See Caldwell v. Obama*, 6 F. Supp. 3d 31, 50–52 (D.D.C. 2013) (finding that close similarities in repeated filings by plaintiff after prior dismissals weighed in favor of issuing anti-suit injunction).

Accordingly, Mr. Gharb is enjoined from filing any new actions in the United States District Court of the District of Columbia that arise out of or relate to the '654 patent against Defendants unless he receives prior permission from the Court.  To receive permission from the Court, Mr. Gharb must file a motion for leave to file that includes detailed information about all prior cases he has filed in this District and that shows that his proposed claims raise new matters. A proposed complaint must be attached to the motion for leave to file.  If Mr. Gharb files a complaint in this District against Defendants without first seeking leave to do so in accordance with the requirements set forth above, the new case will be summarily dismissed.

## VII.  CONCLUSION

For the reasons set forth above, Defendants MELCO and MEAU's motion to dismiss, request for attorney's fees, and request for an anti-suit injunction (ECF No. 4) are **GRANTED**, Defendants MELCO and MEAU's motion to strike Mr. Gharb's "Lawsuit" against Joshua Segal and Jenner & Block (ECF No. 14) is **GRANTED**, and both of Mr. Gharb's requests for payment of damages (ECF Nos. 9, 11) are **DENIED AS MOOT**.  Defendants MELCO and MEAU shall

file a petition for reasonable attorney's fees and costs incurred in responding to Mr. Gharb, and

Mr. Gharb shall have the opportunity to respond to these petitions.  An order consistent with this

Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 11, 2015                                    RUDOLPH CONTRERAS
                                                            United States District Judge